IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. ABA-25-321 |
| BRENT GOETZ | |
| Defendant. | |

**CONSENT MOTION TO EXCLUDE TIME
PURSUANT TO THE SPEEDY TRIAL ACT**

Comes now the United States of America, by and through its counsel, respectfully submits the Government's First Consent Motion for Exclusion of Time from Speedy Trial Act Computations.  In support thereof, the Government submits the following:

1.      On October 22, 2025, a federal grand jury returned an indictment charging Defendant with one count of Possession of Firearm Not Registered on the National Firearm Registration and Transfer Act, in violation of 26 U.S.C. § 5861(d), and one count of Transportation of Explosive Materials with Intent to Kill, Injure, and Intimidate, in violation of 18 U.S.C. § 844(d). ECF No. 1.

2.      On October 29, 2025, the Defendant attended his initial appearance, where Defendant was released on his own recognizance.

3.      Counsel for the defendant has consented to the tolling request to allow for the review of discovery.

4.      In accordance with the Speedy Trial Act, a criminal defendant must be brought to trial within 70 days of the later of either the filing of an indictment or information or the first appearance before a judicial officer of the court in which the charge is pending.  18 U.S.C. § 3161(c)(1).  In a multi-defendant case, the speedy trial clock begins to run from the date the last-

named defendant makes his initial appearance before a judicial officer. *See Henderson v. United States*, 476 U.S. 321, 323 n.2 (1986); *United States v. Jarrell*, 147 F.3d 315, 316 (4th Cir. 1998).

5.      18 U.S.C. § 3161(h)(7)(A) specifically excludes from the time requirements "any period of delay resulting from a continuance granted . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  Among the factors the Court considers in granting such a motion is whether failure to grant a continuance would result in a "miscarriage of justice," and whether "it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" Section 3161.  18 U.S.C. § 3161(h)(7)(B)(i) and (ii).  The Court also considers whether failure to grant a continuance would deny counsel for a defendant or the government "reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  18 U.S.C. § 3161(h)(7)(B)(iv).

6.      In light of the foregoing, the Government submits that the ends of justice served by continuing the trial of this matter beyond the otherwise-applicable speedy trial date outweigh the interests of the defendant and the public in a speedy trial, and, therefore, the resulting delay is permissible pursuant to 18 U.S.C. § 3161(h)(7). Given this, the Government believes that holding a trial within 70 days would deny counsel for Defendant and the attorney for the Government the reasonable time necessary for effective preparation.

7.      Accordingly, the parties requests tolling the speedy trial clock, in the interests of justice, from **December 30, 2025, through and including March 30, 2026**.  Moreover,  the Government submits that the Defendant will not be prejudiced by the grant of this motion.  The ends of justice will be served by excluding this time period in computing the time within which

trial must commence pursuant to 18 U.S.C. § 3161(h), and those ends outweigh the best interests of the public and Defendant in a speedy trial.

      WHEREFORE, the Government respectfully requests that the time from **December 30, 2025, through and including March 30, 2026**, be excluded from Speedy Trial Act computations in this case.  A proposed order is submitted herewith.

            Respectfully submitted,

            Kelly O. Hayes
            United States Attorney


By:          /s/
            Michael Aubin
            Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court via

the CM/ECF system, and thereby served counsel for the Defendant on December 29, 2025.


Respectfully submitted,


Kelly O. Hayes
United States Attorney


By:    _____/s/_____
Michael Aubin
Assistant United States Attorney