**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **CRIMINAL NO. ABA-25-321** |
| **BRENT GOETZ** | |
| **Defendant.** | |

**ORDER**

Upon consideration of the Government's First Consent Motion for Exclusion of Time from Speedy Trial Act Computations (the "Motion") and based on the facts and arguments provided in the Motion, the Court makes the following findings:

Under the provisions of the Speedy Trial Act, the Court may continue a defendant's trial beyond the 70-day period provided in 18 U.S.C. § 3161(c)(1) if the ends of justice served by such a delay outweigh the interests of the defendant and the public in a speedy trial.

Here, Defendant was indicted on October 22, 2025. The Defendant had his initial appearance on the indictment on October 29, 2025, and was released on his own recognizance. A trial date in this case has not been set.

Counsel for the Government has prepared discovery for defense counsel to review. The parties requests additional time to engage in that activity. As such, trial within 70 days would deny counsel for Defendant and the attorney for the Government the reasonable time necessary for effective preparation. Therefore, the ends of justice served by such a delay outweigh the interests of Defendant and the public in a speedy trial, thereby satisfying the requirements of 18 U.S.C. § 3161(h)(7).

Therefore, it is hereby ORDERED that:

1.    Pursuant to 18 U.S.C. § 3161(h), the Motion is GRANTED; and

2.    The time period from **December 30, 2025, through and including March 30, 2026,**

is hereby excluded in computing the time within which the trial in this matter must

commence under the Speedy Trial Act.

 January 5, 2026
_____
Date

_____
/s/
The Honorable Adam B. Abelson
United States District Judge

2